**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLIVIA GARCIA, Regional Director of Region 21 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>vs.<br><br>HIGH FLYING FOODS,<br><br>Respondent. | CASE NO. 15cv0039-GPC(JLB)<br><br>**ORDER GRANTING IN PART TEMPORARY INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED (29 U.S.C. § 160(j))** |

This case came to be heard on the Petition of Olivia Garcia, Regional Director of Region 21 of the National Labor Relations Board (herein called the Board), for a temporary injunction pursuant to Section 10(j) of the National Labor Relations Act, as amended (29 U.S.C. § 160(j)); (herein called the Act), pending final disposition on the matters involved pending before the Board. The Court, on consideration of the pleadings, evidence, briefs, arguments of counsel, and the entire record in this case, has found and concluded that Petitioner is likely to successfully establish in administrative proceedings that Respondent has partially engaged in, and is engaging in, acts and conduct in violation of Sections 8(a)(1), (a)(3) and (a)(5) of the Act, (29 U.S.C. §§ 158(a)(1),(3), and (5)), and that such acts and conduct will likely be repeated or continued unless enjoined.

1  Now, therefore, upon the entire record, it is ORDERED, ADJUDGED AND
2  DECREED, that, pending final disposition of the matters involved pending before the
3  Board:
4  1. Respondent High Flying Foods, its officers, agents, successors, and assigns, and
5  all persons acting in concert or participation with it, are enjoined from:
6  (a) Bypassing the Union and dealing directly with its employees in the Unit
7  by requiring employees to sign acknowledgment forms agreeing that Respondent may
8  unilaterally change their terms and conditions of employment;
9  (b) Implementing a new employee handbook without prior notice to the Union
10 and without affording the Union an opportunity to bargain with Respondent over this
11 conduct and the effects of this conduct ;
12 (c) Promulgating and maintaining a rule prohibiting employees from soliciting
13 other employees for the Union during work when the solicitation does not interfere
14 with work;
15 (d) Prohibiting employees from circulating and soliciting other employees to
16 sign a petition on behalf of the Union when the activities do not interfere with work;
17 (e) Prohibiting employees from talking about the Union during working
18 hours, while permitting employees to talk about other non-work subjects;
19 (f) Interrogating its employees regarding their union membership, activities,
20 and sympathies;
21 (g) Suspending employees for talking about the Union during working time
22 if the talking did not interfere with work;
23 (h) Issuing written warnings to employees because they joined or assisted the
24 Union and engaged in concerted activities to discourage employees from engaging in
25 these activities;
26 (i) Suspending and terminating employees because they joined or assisted the
27 Union and engaged in concerted activities to discourage employees from engaging in
28 these activities.

1       (j)     In any other manner, interfering with, restraining or coercing employees in the exercise of the rights guaranteed in Section 7 of the Act (29 U.S.C. § 157).

2.      Respondent, its officers, agents, successors, assigns, and all persons acting in concert or participation with it are affirmatively ordered pending final Board adjudication to:

   (a)  Within five (5) days of the District Court's Order, offer in writing to Francisco Hernandez, immediate interim reinstatement to the same positions he held at the time he was discharged on or about August 18, 2014, or, if the position no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed while working for the Respondent, displacing if necessary any workers subsequently hired, transferred, or reassigned employees;

   (b)  Within five (5) days of the issuance of the District Court's Order, remove from its files any reference to the unlawful suspension and termination of Francisco Hernandez, and within three (3) days thereafter notify the employee in writing that this has been done and that the suspension and termination will not be used against him in any way;

   (c)  Rescind the new employee handbook promulgated in or about April 2014, and rescind the acknowledgments signed by employees stating that Respondent can change the terms and conditions of employment;

   (d)  Rescind the rule prohibiting employees from soliciting other employees for the Union on working time;

   (e)  Rescind the rule prohibiting employees from discussing the Union during working hours;

   (f)  Within five (5) days of the issuance of the District Court's Order, post copies of the District Court's order at Respondent's facilities at the San Diego Airport (in English and Spanish) where notices to employees are customarily posted; maintain these postings during the Board's administrative proceeding free from all obstructions

1  and defacements; all employees shall have free and unrestricted access to said Order;
2  translation of the Order into Spanish shall be at Respondent's expense, the translation
3  to be approved by the Regional Director;

4    (g) Within ten (10) days of the District Court's Order, in the presence of a
5  Board Agent and a representative of the Union, require the District Court's Order to be
6  read by a responsible official of Respondent, or, at Respondent's option, by a Board
7  Agent in the presence of a responsible official of Respondent, in English and Spanish
8  to assembled employees at Respondent's facilities located at the San Diego Airport
9  during paid working time;

10   (h) Grant agents of the Board reasonable access to Respondent's facilities at
11 the San Diego Airport in order to monitor compliance with the posting requirement;

12   (i) Within twenty (20) days of the issuance of the District Court's order, file
13 with the District Court, with a copy submitted to the Regional Director of Region 21
14 of the Board, a sworn affidavit from a responsible official of Respondent, setting forth
15 with specificity the manner in which Respondent has complied with the terms of the
16 District Court's order, including how and when it posted the documents required by the
17 order.

18 3. This case shall remain open on the docket of this Court.  On compliance by
19 Respondent with its obligations undertaken hereto, and upon final disposition of the
20 matters pending before the Board, the Petitioner shall cause this proceeding to be
21 dismissed.

22   IT IS SO ORDERED.

24 DATED: February 12, 2015

            *[signature]*
            HON. GONZALO P. CURIEL
            United States District Judge